**ORIGINAL**[1]

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| GARY ROGER WILSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 104-162 |
| | ) | (CR 103-002) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

The above-captioned case comes before the Court on Petitioner Gary Roger Wilson's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Now, for the reasons stated more fully below, the Court **REPORTS** and **RECOMMENDS** that the motion be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the United States of America ("the government").

**I.   DISCUSSION**

**A.   Procedural Background**

Petitioner and a co-defendant were named in a four-count indictment stemming from events that occurred on or about October 27, 2002. United States v. Wilson, CR 103-002 (S.D. Ga. Jan.9, 2003), *hereinafter* "CR 103-002," doc. no. 1. Count 1 charged that Petitioner and his co-defendant possessed, with the intent to distribute, 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Id. Count 2 charged that Petitioner

and his co-defendant possessed, with the intent to distribute, a quantity of 3, 4 - methylenedioxymethamphetamine (MDMA or "Ecstasy"), in violation of 21 U.S.C. § 841(a)(1). Id. Count 3 charged that Petitioner and his co-defendant possessed, with intent to distribute a quantity of cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1). Id. Count 4 charged that Petitioner and his co-defendant committed the offense of possession with intent to distribute a quantity of gamma-hyrdoxybutyric acid (GHB), in violation of 21 U.S.C. § 841(a)(1). According to the government's penalty certification, along with various fines, periods of supervised release and special assessments, Petitioner faced a statutory minimum ten-year but not more than life sentence of imprisonment on Count 1 of the indictment; as to Counts 2 through 4, Petitioner faced not more than twenty years of imprisonment on each count. CR 103-002, doc. no. 2.

The Court appointed counsel to represent Petitioner, Mr. Sam G. Nicholson. With Mr. Nicholson's assistance, Petitioner entered into a negotiated plea agreement with the government whereby he agreed to plead guilty to Count 3 of indictment. CR 103-002, doc. no. 60. In exchange for the guilty plea, the government agreed to dismiss the remaining counts of the indictment - including Count 1, which called for a mandatory-minimum sentence of ten years - not object to Petitioner receiving an acceptance of responsibility reduction provided that Petitioner satisfied certain enumerated conditions, and to advise the Court of any "substantial assistance" provided by Petitioner that would warrant a reduction in sentence under U.S.S.G. § 5K1.1. Id. at 2.

The plea agreement also contained the following provision:

> The defendant further advises the Court that the defendant understands that the U.S. Probation Office will prepare a presentence investigation

2

report for the Court, and that the U.S. Probation Office will consider all of defendant's conduct related to the offense to which he is pleading, which may include conduct related to Counts of the Indictment which were or are to be dismissed or for which the defendant was acquitted, as well as the defendant's criminal history, and that these facts will be considered by the Court in determining the defendant's sentence.

Id. at 7. Petitioner acknowledged on April 21, 2003, under penalty of perjury, that he read and understood the plea agreement. Id. at 10. The Honorable Dudley H. Bowen, Jr., United States District Judge, accepted Petitioner's guilty plea on May 19, 2003. CR 103-002, doc. no. 61.

After Petitioner pleaded guilty, a presentence investigation report ("PSI") was prepared. The probation officer recommended that Petitioner be held accountable for the equivalent of 7,274.06 kilograms of marihuana.[1] PSI ¶ 11. The probation officer also recommended that Petitioner be given a three-level reduction for acceptance of responsibility as defined in USSG § 3E1.1(a). PSI ¶¶ 14, 22. The statutory maximum term of imprisonment for Count 3 of the indictment was twenty years, and the range of imprisonment under the Sentencing Guidelines was 87 to 108 months. PSI ¶¶ 57-58. On September 25, 2003, Judge Bowen sentenced Petitioner to 96 months of imprisonment, 36 months of supervised release, and a $100 special assessment; the judgment was entered on the docket on October 3, 2003. CR 103-002, doc. no. 81.

---

[1] The probation officer calculated this marihuana equivalent based on consideration of 352 grams of methamphetamine, 9 grams of "Ice," 245.4 grams of cocaine hydrochloride, and 2.49 grams of methamphetamine hydrochloride. PSI ¶ 11. As there was no marihuana equivalent established by the United States Sentencing Commission for the 6.1 grams of GHB, this quantity of drugs was not included in the calculation. Id.

3

Petitioner did not file a notice of appeal. However, in his § 2255 motion dated September 23, 2004, Petitioner raises three grounds for relief: (1) ineffective assistance of counsel based on counsel failing to object to sentencing on relevant conduct rather than the one count to which he pleaded guilty; (2) counsel's alleged failure to file a requested appeal concerning being sentenced for relevant conduct rather than only the conduct charged in Count 3 of the indictment; (3) and ineffective assistance of counsel based on Mr. Nicholson not being present during the PSI interview or the de-briefing with DEA, resulting in an alleged violation of the privilege against self incrimination. Under Montemoino v. United States, 68 F.3d 416, 418 (11th Cir. 1995) (*per curiam*), if Petitioner did ask his attorney to timely file an appeal, he should be granted permission to file an untimely appeal of his sentencing issues; this is so even if it does not appear that Petitioner actually has any viable grounds to appeal his sentence. See Martin v. United States, 81 F.3d 1083, 1084 (11th Cir. 1996). Accordingly, the Court held an evidentiary hearing on April 26, 2005, to determine whether Petitioner had asked Mr. Nicholson to file a notice of appeal.[2]

## B. Request for Direct Appeal

In his § 2255 motion, Petitioner states that at sentencing, he told his attorney that he wanted to appeal his sentence because he had been sentenced for relevant conduct associated with counts of the indictment that had been dismissed pursuant to the plea agreement. (Doc. no. 1, p. 5). At the hearing, Petitioner emphatically testified that he was not challenging the validity of his guilty plea or the plea agreement itself, but he was upset that he had been sentenced for relevant conduct that was not part of the offense conduct to which he pleaded

---

[2]The Court appointed Michael Loebl, Esquire, to represent Petitioner at the hearing.

4

guilty under Count 3 of the indictment. Petitioner testified that he told Mr. Nicholson on numerous occasions that he was not happy with the recommendation in the PSI for a sentencing range of 87 to 108 months because the recommendation was based on a quantity of drugs other than those directly covered by Count 3 of the Indictment. However, Petitioner also conceded that, under penalty of perjury, he acknowledged reading and understanding the terms of the plea agreement - terms which explicitly informed him that all relevant conduct would be considered in determining his sentence. CR 103-002, doc. no. 60, p. 7. Petitioner maintained that he first broached the subject of possibly filing an appeal of his sentence when he and Mr. Nicholson were going over the PSI.

Petitioner also testified at the hearing that at sentencing, Judge Bowen asked for his comments and objections to the information in the PSI. See also CR 103-002, doc. no. 89, Sent. Tr., p. 2. Petitioner voiced no objections. Id. The sentencing transcript also reflects that Judge Bowen gave Petitioner the opportunity to "say anything" that he wanted to the Court; Petitioner's statement consisted only of apologies and a request for leniency. Id. at 6-8. Judge Bowen concluded the sentencing hearing by announcing that Petitioner had ten days to file his appeal. Id. at 10.

At the hearing, Mr. Nicholson testified that he had no recollection of Petitioner asking at any time that an appeal be filed concerning his sentence. Furthermore, Mr. Nicholson testified that he met personally with Petitioner several times during the course of his representation and that Petitioner had not been at all shy about writing letters about issues in his case during the course of Mr. Nicholson's representation. However, Mr. Nicholson had not received any letter mentioning a desire to file an appeal or questioning why an appeal

5

had not been filed.³ Post-sentencing, the first letter Mr. Nicholson received from Petitioner was approximately five to six months later, and that letter asked for portions of Petitioner's file. Notably, despite professing to having written Mr. Nicholson four to five letters per week during the course of his representation, Petitioner could not produce any copies of letters that he had written that even mentioned filing an appeal. In fact, other than his own testimony, Petitioner had no evidence to support his version of events.⁴

Mr. Nicholson testified that he has practiced law since approximately 1978 and has been a member of the Bar for the Southern District of Georgia for approximately the same amount of time. Mr. Nicholson has accepted court-appointed representation in the Southern District throughout his legal career. He testified that he understands an appointment from the Court runs through the course of appellate proceedings, if a client requests such an appeal. Moreover, it is his custom and practice to file a notice of appeal if his client requests that he do so.

When the testimony conflicts, the Court, as fact finder and "ultimate judge of the credibility and demeanor of witnesses," must believe one witness over the other. McCoy v. Newsome, 953 F.2d 1252, 1262 (11th Cir. 1992) (per curiam). Based on the evidence before

---

³Mr. Nicholson brought his case file to the hearing. Neither the attorney for Petitioner or the government could find any letter in the correspondence file from Petitioner that addressed the appeal issue.

⁴Petitioner's Exhibit 1, a copy of Mr. Nicholson's Criminal Justice Act voucher, does little, if anything, to shed light on the issue of a request for an appeal. While Petitioner contends that the fact that Mr. Nicholson filed his voucher prior to the expiration of the 10-day period for filing a notice of appeal somehow casts doubt on counsel's testimony that he was not asked to file an appeal, the timing of the filing of the voucher could just as easily support the conclusion that because Petitioner did not indicate at sentencing that he wanted to pursue an appeal. Thus, Mr. Nicholson believed his representation had come to an end.

6

the Court and the testimony presented at the evidentiary hearing, the Court specifically credits the testimony of Mr. Nicholson over that of Petitioner. Mr. Nicholson's conscientious representation of Petitioner - as evidenced by personally meeting with Petitioner several times, negotiating a favorable plea agreement that resulted in a sentence of eight years of imprisonment when conviction on all counts could have possibly resulted in a life sentence, and keeping a case file that allowed attorneys to reconstruct the course of representation nearly two years after Mr. Nicholson's representation ended - coupled with an acknowledged pattern and practice of filing an appeal when asked to do so, strongly suggests that Mr. Nicholson would have filed an appeal had a timely request been made by Petitioner. Furthermore, despite a penchant for writing letters to Mr. Nicholson, Petitioner had no evidence, documentary or otherwise, to support his contention that he asked Mr. Nicholson to file an appeal. Moreover, Judge Bowen gave Petitioner ample opportunity to voice any concerns at the sentencing hearing, but Petitioner only apologized and asked for leniency; there was no mention of a problem concerning consideration of relevant conduct for sentencing.

Finally, the Court cannot ignore Petitioner's self-interest in regaining the right to a direct appeal. That is, in the Eleventh Circuit, a sentence imposed pursuant to the sentencing guidelines - guidelines that the Supreme Court has ruled to be incompatible with the Sixth Amendment in light of their mandatory application, see Booker v. United States, -U.S.-, 125 S. Ct. 1738 (2005) - cannot be challenged in collateral proceedings. Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005) (*per curiam*). Thus, unless Petitioner's right to a direct appeal is restored, he has no apparent chance to challenge his sentence under Booker.

7

In sum, the Court concludes that Petitioner did not instruct Mr. Nicholson to file a direct appeal. The Court now turns its attention to the remaining two stated grounds for relief in Petitioner's § 2255 motion.

## C. Procedural Bar

"Generally, if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a § 2255 challenge." United States v. Montano, 398 F.3d 1276, 1279-80 (11th Cir. 2005)(*per curiam*)(citing Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994)). "A ground of error is usually 'available' on direct appeal when its merits can be reviewed without further factual development." Mills, 36 F.3d at 1055. In other words, Petitioner may not use this collateral attack as "a surrogate for a direct appeal." Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (*per curiam*)(citation omitted). Furthermore, alleged errors concerning the Sentencing Guidelines are not generally cognizable on collateral attack. Montemoino, 68 F.3d at 417. However, despite these restrictions on raising previously available challenges, ineffective assistance of counsel claims may be raised for the first time in collateral proceedings. Massaro v. United States, 538 U.S. 500, 509 (2003).

Therefore, other than an ineffective assistance of counsel claim, if a ground for relief was available on appeal, the district court may not consider the ground under § 2255 unless the petitioner can establish (1) cause for not raising the ground on appeal, and (2) actual prejudice resulting from the alleged error. United States v. Frady, 456 U.S. 152, 167-68 (1982); see also Montano, 398 F.3d at 1280. Alternatively, § 2255 review may be had under the "fundamental miscarriage of justice" exception, under which the extraordinary case must

be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent...." Murray v. Carrier, 477 U.S. 478, 495-96 (1986); see also Montano, 398 F.3d at 1280.

Here, Petitioner did not file a direct appeal concerning either of the remaining two issues in his § 2255 motion, namely sentencing arguments based on Blakely v. Washington, – U.S.–, 124 S. Ct. 2531 (2004) and Apprendi v. New Jersey, 530 U.S. 466 (2000)[5] and a claim that his conviction was "obtained by a violation of the privilege against self-incrimination."[6] (Doc. no. 1, p. 5). Thus, these two issues are procedurally barred in this § 2255 proceeding unless Petitioner can show cause and actual prejudice for his failure, see Frady, 456 U.S. at 167, or can otherwise meet the actual innocence exception recognized in Murray, 477 U.S. at 495-96. Notably, a showing that an attorney's performance was constitutionally deficient, coupled with a showing of prejudice, can satisfy the cause and prejudice standard and thereby excuse a procedural default. Reece v. United States, 119 F.3d 1462, 1468 (11th Cir. 1997). Petitioner has, therefore, cloaked these remaining two claims

---

[5] In Apprendi v. New Jersey, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. In Blakely, decided after Petitioner's sentencing in September of 2003, the Supreme Court revisited the rule of Apprendi to determine that a sentence that was enhanced under the State of Washington's sentencing guidelines based on facts found by the sentencing judge and not the jury violated the defendant's Sixth Amendment rights. See 124 S. Ct. at 2538. This principle was applied to the federal sentencing guidelines in Booker v. United States, – U.S.–, 125 S. Ct. 738 (2005).

[6] As discussed in detail above, the Court finds that Petitioner did not ask his counsel to file a direct appeal.

under the auspices of an ineffective assistance of counsel claim.[7] Accordingly, the Court turns its attention to the standard for analyzing whether Petitioner received constitutionally effective assistance of counsel.

## D. Effective Assistance of Counsel

To establish ineffective assistance of counsel, Petitioner must meet a two-part test. Petitioner first must show that "counsel's representation fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 688 (1984). In applying this test, reviewing courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance[.]" Strickland, 466 U.S. at 689; see also Lancaster v. Newsome, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing "that petitioner was not entitled to error-free representation"). "A petitioner must overcome a strong presumption of competence, and the court must give significant deference to the attorney's decisions." Hagins v. United States, 267 F.3d 1202, 1204-05 (11th Cir. 2001). Second, Petitioner must establish prejudice by showing "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. In the context of a guilty plea, the Court must normally inquire as to whether counsel's performance affected the outcome of the plea process. Hill v. Lockhart, 474 U.S. 52, 59 (1985). Here, however, Petitioner has specifically stated that he is not challenging the validity of his guilty plea, only his counsel's performance at sentencing.

---

[7]As discussed *supra*, ineffective assistance of counsel claims may be raised for the first time in collateral proceedings. Massaro, 538 U.S. at 509.

In applying the Strickland components outlined above, "[a] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Smith v. Wainwright, 777 F.2d 609, 616 (11th Cir. 1985). Under the prejudice component, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome . . . ." Id. at 616 (citing Strickland, 466 U.S. at 694-95). For as the Eleventh Circuit has ruled, an affirmative showing of prejudice that would undermine the results of the proceedings is necessary because "'attorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. That the errors had some conceivable effect on the outcome of the proceeding' is insufficient to show prejudice." Butcher v. United States, 368 F.3d 1290, 1293 (11th Cir. 2004).

"Given the strong presumption in favor of competence, the petitioner's burden of persuasion -- though the presumption is not insurmountable - - is a heavy one." Fugate v. Head, 261 F.3d 1206, 1217 (11th Cir. 2001) (citation omitted). As the Eleventh Circuit has succinctly stated, "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done." Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995) (*en banc*). "[C]ases in which habeas petitioners can properly

11

prevail on the ground of ineffective assistance of counsel are few and far between." Id. at 1511.

Because determining whether Petitioner suffered prejudice hinges upon the validity of the underlying claims, see Cross v. United States, 893 F.2d 1287, 1290 (11th Cir. 1990), the Court will review the merits of the claims which form the basis for Petitioner's claims of ineffective assistance of counsel.

### 1. Failure to Raise Issue of Sentence Based on Relevant Conduct

Petitioner first argues that his counsel was ineffective at sentencing because he did not object to Judge Bowen's consideration of relevant conduct, including conduct encompassed by the counts of the indictment which were dismissed pursuant to the plea agreement. However, as set forth in detail above, the plea agreement specifically informed Petitioner that all of his relevant conduct, including the dismissed counts, would be considered in calculating his sentence. CR 103-002, doc. no. 60, p. 7. Petitioner acknowledged, under penalty of perjury, that he read and understood all of the terms of the agreement. Id. at 10. Moreover, Petitioner repeatedly emphasized at the § 2255 hearing that he was not challenging the validity of the plea agreement. Thus, there was no basis for Mr. Nicholson to make an objection at sentencing to Judge Bowen doing exactly what the plea agreement said could be done.

In addition, Petitioner's reference to Apprendi and Blakely does not change the Court's analysis of Mr. Nicholson's performance at sentencing. Under Apprendi, any fact, other than a prior conviction, which increases the penalty for a crime beyond the statutory

12

maximum must be submitted to a jury and proven beyond reasonable doubt. Apprendi, 530 U.S. at 490. However, at the time Petitioner was sentenced in September of 2003, the rule in the Eleventh Circuit was that Apprendi did not apply to the consideration of relevant conduct under the Sentencing Guidelines. United States v. Harris, 244 F.3d 828, 830 (11th Cir. 2001); United States v. Gallego, 247 F.3d 1191, 1201 (11th Cir. 2001). "Because Apprendi only addresses facts that increase the penalty for a crime beyond the statutory maximum, it does not apply to those findings that merely cause the guideline range to shift within the statutory range." United States v. Sanchez, 269 F.3d 1250, 1262 (11th Cir. 2001) (*en banc*).[8] The relevant conduct considered by Judge Bowen did not increase Petitioner's penalty beyond the statutory range of twenty years applicable to Count 3 of the indictment. See CR 103-002, doc. no. 2. Thus, there would have been no basis for an Apprendi challenge.

Moreover, the Blakely decision was not handed down until 2004, and the principle announced in that case was not extended to the federal sentencing guidelines until 2005. Booker, – U.S.–, 125 S. Ct. 738. Thus, Mr. Nicholson cannot be deemed to have provided constitutionally ineffective assistance of counsel for failing to predict a development in the law that would not occur until well after Petitioner had been sentenced. In sum, there is no merit to Petitioner's argument that he was provided constitutionally ineffective assistance of counsel based on Mr. Nicholson's failure to object to the imposition of a sentence based on

---

[8]Of course, this analysis changed in the wake of the Supreme Court's ruling in Booker, 125 S. Ct. 738.

13

his relevant conduct rather than only based on the conduct covered by Count 3 of the indictment.

### 2. Absence of Counsel at PSI Interview and De-Briefing with Drug Enforcement Administration (DEA)

The Court notes from the outset that the Sixth Amendment to the United States Constitution does not guarantee Petitioner the right to have counsel present during a pre-sentence interview by a probation officer. United States v. Washington, 11 F.3d 1510, 1571 (10th Cir. 1993) ("the presentence interview is not a critical stage of the proceeding within the meaning of the Sixth Amendment."); United States v. Hicks, 948 F.2d 877, 885 (4th Cir. 1991) ("There is no such right (to counsel) at a routine presentence interview because the presentence interview is not a critical stage of the criminal proceedings."); United States v. Simpson, 904 F.2d 607, 611 (11th Cir. 1990) (refusing to address issue of right to counsel at presentence interview on merits because issue not first raised in district court, but acknowledging that other circuits considering issue have concluded that interview with probation officer is not a critical stage of criminal proceedings at which counsel is guaranteed by Sixth Amendment). The Court also notes that it is well-settled that a defendant cannot be deprived of effective assistance of counsel where there is no constitutional right to counsel. Wainwright v. Torna, 455 U.S. 586, 587-88 (1982) (*per curiam*).

Importantly, as to both the PSI interview and the DEA de-briefing, Petitioner has not established that he was prejudiced by Mr. Nicholson's absence. As the government explains in detail in its response to Petitioner's motion, the information provided to the DEA agent after his arrest but before his guilty plea was not used to enhance his sentence. (Doc. no. 3,

14

p. 11). Nor was the information provided to the probation officer concerning drug activity other than that evidenced by the drugs found when Petitioner was arrested used to calculate the sentence recommendation. PSI ¶¶ 6-7, 11, 16. In fact, it was Petitioner's candor in his presentencing interviews that actually reduced his sentence by earning him an acceptance of responsibility reduction.[9] PSI ¶¶ 11, 14, 22. In a nutshell, Petitioner was not sentenced for quantities of drugs other than those confiscated at the time of his arrest on or about October 27, 2002, and therefore, he was not prejudiced by Mr. Nicholson's absence.

Prejudice cannot be shown when counsel fails to raise an issue that has no merit. United States v. Costa, 691 F.2d 1358, 1363 (11th Cir. 1982) (*per curiam*). "Conclusory allegations of ineffective assistance are insufficient." Wilson v. United States, 962 F.2d 996, 998 (11th Cir. 1992) (*per curiam*) (citation omitted). Petitioner has not shown that his counsel did not perform reasonably or that he was prejudiced by his counsel's actions as required under Strickland, and therefore he is not entitled to relief on his ineffective assistance of counsel claims.

---

[9]Indeed, because Petitioner was entering a guilty plea, he had a responsibility to acknowledge and admit his criminal conduct, and in order to receive the full benefit of the terms of his plea agreement, he was required to give complete and truthful information about his activities to the government. Additionally, Petitioner notably fails to even argue, let alone provide supporting evidence, that he asked that Mr. Nicholson be present during either interview. To the extent Petitioner states that his privilege against self-incrimination was violated by Mr. Nicholson's absence, because Petitioner emphatically testified that he is not challenging his guilty plea - the basis for his actual conviction - it appears that this is but a variation on his already-discredited argument that he should not have been sentenced based on relevant conduct. In any event, as discussed above, Petitioner, was not sentenced based on any drug quantities other than those confiscated at the time of his arrest, and he therefore was not prejudiced by giving the now-contested interviews without the presence of counsel.

15

## II. CONCLUSION

For the reasons stated above, the Court **FINDS** that Petitioner did not ask his attorney to file a notice of appeal and that the other stated grounds for relief stated in Petitioner's motion to vacate, set aside, or correct his sentence cannot form the basis for relief in this collateral proceeding. Accordingly, the Court **REPORTS** and **RECOMMENDS** that the motion be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 17th day of May, 2005, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

# United States District Court
## Southern District of Georgia

**ATTORNEYS SERVED:**

Amy Lee Copeland, Esq.
Michael N. Loebl, Esq.
Darrin L. McCullough, Esq.
Kyle G.A. Wallace, Esq.
Gary Roger Wilson, Pro-se

CASE NO: CV304-142
DATE SERVED: May 17, 2005
SERVED BY: Cindy Reynolds *CR*

☐ Copy placed in Minutes
☐ Copy given to Judge
☑ Copy given to Magistrate